UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. BREITENSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>    Defendant. | Case No.1:21-cv-05817 |

**NOW COMES** JENNIFER L. BREITENSTEIN ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of Defendant HALSTED FINANCIAL SERVICES, LLC, ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Jennifer L. Breitenstein ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Reading, Pennsylvania.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Halsted Financial Services, LLC ("Defendant") "specialized in managing and servicing delinquent account receivables."[1]

8. Defendant maintains its principal place of business at 8001 Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. At some point, Plaintiff applied for and was approved for a mortgage on his primary residence through Credit One Bank. N.A. ("Credit One").

11. Unfortunately, Plaintiff fell behind on her payments to Credit One, amassing a past-due balance ("subject debt").

12. Credit One then sent the subject debt to LVNV Funding, LLC ("LVNV") for collection.

13. Starting in March 2021, Defendant sent letters and electronic mail communications to Plaintiff attempting to collect on the subject debt.

14. These communications included a statement regarding the age of the subject debt: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sure you for it, and LVNV Funding LLC cannot report it to any credit reporting agency."[2]

15. On July 28, 2021, Plaintiff mailed a letter ("Letter") to LVNV with a dispute and request for validation regarding the subject debt.

---

[1] https://halstedfinancial.com/about
[2] All communications had almost identical language. This exact language is from an email dated August 14, 2021

16. In this Letter, Plaintiff also pointed out the language included in all communications from Defendant regarding LVNV's inability to report the subject debt to any credit reporting agency.

17. Further, Plaintiff stated that LVNV was currently reporting to the major credit agencies despite the language in the communications from Defendant.

18. After LVNV received the Letter, the name of the agency reporting the tradeline to the credit agencies mysteriously changed to Resurgent Capital Services, LP ("Resurgent"), which is an alternate name for LVNV.

19. Upon LVNV's failure to respond to Plaintiff's validation request and dispute, Plaintiff filed a complaint with the Better Business Bureau ("BBB") on September 7, 2021.

20. On September 10, 2021, in response to Plaintiff's BBB complaint, LVNV stated that the tradeline would be deleted from Plaintiff's credit reports.

21. Additionally, Plaintiff filed a dispute with Experian Information Solutions, Inc. ("Experian").

22. Experian responded to Plaintiff's credit dispute on September 29, 2021, stating that the item disputed was not currently displaying on her personal credit report.

23. Despite Plaintiff's best efforts to explain the situation, Experian did not recognize that LVNV and Resurgent are one and the same company.

24. Unfortunately, the tradeline is still reporting on Plaintiff's credit reports to this day.

25. Plaintiff has expended time and energy regarding this matter, including out-of-pocket costs disputing the credit reporting of the subject debt.

26. Due to Plaintiff's Defendant's refusal to remove the subject debt from her credit report, Plaintiff hired counsel to assist with this matter.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

**a. Violations of FDCPA § 1692e**

28. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt." 15 U.S.C. §1692e.

29. Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

30. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§1692e and e(2) by stating that LVNV could not report the subject debt to the credit agencies when, in fact, LVNV was reporting to the credit agencies.

32. Specifically, using language stating that the subject debt could not be reported to the credit agencies by LVNV was an inaccurate portrayal of the character of the subject debt.

33. Defendant violated §§1692e and e(10) by falsely stating in its communications that LVNV could not report the subject debt to the credit agencies.

34. This statement led Plaintiff to believe that non-payment of the subject debt would not affect her credit; consequently, LVNV's reporting of the subject debt is deceptive and flies in the face of this language.

35. As stated above, Plaintiff incurred out-of-pocket costs to dispute the subject debt and the inaccurate reporting, causing severe harm to Plaintiff because of Defendant's conduct.

**WHEREFORE**, Plaintiff, JENNIFER L. BREITENSTEIN, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from continuing to contact Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 30, 2021                                        Respectfully Submitted,

**JENNIFER L. BREITENSTEIN**

By: */s/ Jennifer Ann McLaughlin*

Jennifer Ann McLaughlin, Esq.
Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
Marwan Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
jmclaughlin@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
mdaher@sulaimanlaw.com